ON PETITION FOR REHEARING
On rehearing sought by defendant, the court amended its previous decision and determined that the error was not "clerical" as defined in ORS 311.205(2). The statutory definition requires that the error be patent in the assessor's official records. The error was discovered only when plaintiff called it to the attention of the county assessor's staff during the 1978-1979 tax year; the error which plaintiff sought to correct was not discoverable in the records of the county assessor without the plaintiff's assistance during the prior tax years at issue.
Following the court's decision herein, filed on April 2, 1979, defendant Department of Revenue filed a petition for rehearing on April 9, 1979, on which arguments were heard on April 18, 1979.
The defendant points out that, under the court's decision herein, ORS 311.205(4) does not expand the type of errors correctable under the provisions of ORS 311.205 and that the statute is limited to "clerical errors" as defined therein.
A part of the definition of "clerical error," contained in ORS 311.205(2), is that the error is one as to which "the information necessary to make the correction is contained in such records at the time the roll for the year is returned to the assessor from the board of equalization. * * *" (Emphasis supplied.) The present suit is concerned with the tax years 1974-1975 to 1977-1978, inclusive. ORS 309.060 requires the county assessor to lay before the county board of equalization at its May meeting the assessment rolls prepared by him for the current year. This is "the roll for the year." ORS 309.130
provides that this roll, when examined and equalized by the county board of equalization, shall be returned to the county assessor, "at which time he shall make such corrections as are required by the orders of the board."
The testimony before the court is uncontrovertible that the error as to which the plaintiff has appealed is not to be found within the records of the county assessor but was called to the attention of the assessor's staff by the plaintiff in connection with the assessment roll for the tax year 1978-1979.
In consequence of this fact, the error for which the plaintiff seeks a remedy was not a "clerical error" as that term is defined in ORS 311.205(2).
For this reason, the court's decision of April 2, 1979,supra, must be amended, its order of remand to the Department of Revenue, filed on April 2, 1979, must *Page 121 
be recalled, and the complaint dismissed. As the plaintiff himself stated at the conclusion of the argument on defendant's petition for rehearing, his remedy is to apply to the legislature for a statutory amendment with retroactive effect.
No costs to either party. *Page 122